No. 88-238

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

STUART W. SWENSON, JACQUELINE J.
SWENSON, JACK COX, JOYCE COX, JOHN
REELY, WILLIAM E.S. REELY, and DELBERT
ASHMORE,

          Plaintiffs and Appellants,

   -vs-

JOHN RAMAGE, ROBERT J. POLISH, and LIBBY
DEVELOPMENT, INC.,

       Defendants and Respondents.

---

APPEAL FROM: District Court of the Nineteenth Judicial District,
           In and for the County of Lincoln,
           The Honorable E. Gardner Brownlee, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lawrence Sverdrup, Libby, Montana

    For Respondent:

        Kenneth E. O'Brien, Kalispell, Montana

---

Submitted on Briefs: Aug. 18, 1988

Decided: September 27, 1988

Filed: SEP 2 7 1988

_Ethel M. Harrison_

---
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Plaintiffs, Stuart W. Swenson, Jacqueline J. Swenson, Jack Cox, Joyce Cox, John Reely, William E. S. Reely, and Delbert Ashmore, appeal the decision of the District Court of the Nineteenth Judicial District, Lincoln County, finding that the mortgage executed in favor of plaintiffs was a purchase money mortgage and therefore, by reasons of § 71-1-232, MCA, denied plaintiffs the right to a deficiency judgment. We affirm.

The sole issue raised on appeal is whether the mortgage, which is the subject of this action, is a purchase money mortgage under § 71-1-232, MCA, so as to deny plaintiffs a right to a deficiency judgment.

The essential transactions that lead to this dispute are that on April 30, 1985, plaintiffs sold to defendant, John Ramage, 2.812 acres located in Libby, Lincoln County for $150,000. Ramage paid $25,000 cash and executed a promissory note, due and payable on August 15, 1985, for the remaining $125,000. Ramage executed an accompanying trust indenture to secure the note. This trust indenture was not recorded, the reason being to assist Ramage in obtaining financing for the purpose of building a motel. Ramage was able to obtain financing and, as planned, built a motel. The note executed by Ramage was not paid on August 15, 1985 as agreed.

The 2.812 acres was surveyed and divided into two parcels during the fall of 1985. The purpose of the survey was to create Parcel "D," containing 1.248 acres, so as to provide security for a construction mortgage, lien or trust indenture. The newly constructed motel is located on Parcel

"D" and encumbering this parcel are two deeds of trusts, one in favor of Seattle First National Bank and the other in favor of United Bank.

On December 31, 1985, Ramage conveyed the entire 2.812 acres of land to Libby Development, a Montana general partnership, consisting of John Ramage, Lois Ramage, Robert J. Polish, David A. Ramage, Kevin C. Ramage and Mark H. Jennings. This partnership then conveyed the 2.812 acres to Libby Development, Inc., a Montana corporation. On the same day, December 31, 1985, Ramage and Robert J. Polish, president and secretary/treasurer respectively for the Libby Development, Inc., executed a promissory note for $35,000 in favor of plaintiffs and secured by a mortgage on the unimproved 1.564 acres. Defendants failed to pay the principal and interest due on this note. Plaintiffs filed a complaint on April 17, 1987 and on June 1, 1987 the District Court ordered the mortgage foreclosed and the property sold, according to law, with the proceeds going to plaintiffs for the amount due them by defendants. The District Court also ordered a hearing, if necessary, for the purpose of establishing the amount of a deficiency judgment, if any, against defendants.

On July 7, 1987, the property was sold by the Sheriff of Lincoln County to the plaintiffs, as the highest bidders, for $18,286.73. A deficiency of $18,950.28 remained. Plaintiffs therefore filed the deficiency amount with the Clerk of Court of Lincoln County and had the Clerk issue a writ of execution. Plaintiffs then executed upon personal property belonging to John Ramage. Defendants moved to set aside the default judgment and entry of default and also moved to quash the writ of execution. The District Court granted defendants' motions and ordered that any and all execution sales occurring in this action were null and void and that

any sums received from such void sales be returned to the purchaser or purchasers.

The Libby Development, Inc. deposited funds in a trust account to satisfy the deficiency judgment, but reserved the right to raise the issue of whether the mortgage was a purchase money mortgage within the meaning of §71-1-232, MCA, so as to preclude plaintiffs from a deficiency judgment. The District Court, after holding a hearing, found that "[t]he $35,000 due the plaintiffs is, without question, a balance due on the original purchase price. The mortgage was to secure that payment and was not given for any new indebtedness and therefore is a 'Purchase Money Mortgage.'"

Plaintiffs argue that they were entitled to a deficiency judgment because the mortgage executed on December 31, 1985 in favor of plaintiffs was not a purchase money mortgage. Plaintiffs first rely upon Pulse v. North American Land Title Co. (Mont. 1985), 707 P.2d 1105, 42 St. Rep. 1578, for a definition of a purchase money mortgage. In Pulse we defined purchase money mortgage as "a mortgage on land executed to secure the purchase money by a purchaser of the land contemporaneously with the acquisition of the legal title thereto or afterward, but as a part of the same transaction." Pulse, 707 P.2d at 1107-08, 42 St. Rep. at 1580.

Plaintiffs then argue that the December 31, 1985 mortgage is not a purchase money mortgage primarily because (1) the trust indenture, due August 15, 1985, which originally secured the purchase price of the land covered 2.812 acres and the mortgage executed December 31, 1985 covered only 1.564 acres of the original 2.812 acres; (2) John Ramage executed the original trust indenture and the December 31, 1985 mortgage was executed by Libby Development, Inc., a Montana corporation with John Ramage as president and Robert Polish as secretary/treasurer; and (3) the December

- 4 -

31, 1985 mortgage was executed eight months after the conveyance of the land. In summary, plaintiffs argue that the December 31, 1985 mortgage did not cover the exact tract of land as that which was originally purchased, it was not given with or near the time of the conveyance, and it was not given by the original vendee, and therefore it was not a purchase money mortgage.

Plaintiffs properly cite Pulse for a definition of a purchase money mortgage, but then apparently urges this Court to adopt a narrow construction of the definition, in which the only time a purchase money mortgage would exist is when all transactions regarding the purchase of the land occur simultaneously. We decline to accept such a narrow definition of a purchase money mortgage.

In Pulse we stated that a purchase money mortgage is a mortgage on land which secures the money yet owed on the land by the purchaser of the land. Part of the same transaction must include the purchaser acquiring legal title to the land, either simultaneously or afterwards. Pulse, 707 P.2d at 1107-08, 42 St. Rep. at 1580. The definition in Pulse does not limit the existence of a purchase money mortgage to those instances when all transactions comprising the execution of a purchase money mortgage occur simultaneously, and we do not so limit it now. The essence of a purchase money mortgage is to provide security for the payment of a tract of land. In the present case, the District Court found that "[t]he $35,000 due the plaintiffs is, without question, a balance due on the original purchase price. The mortgage was to secure that payment and was not given for any new indebtedness . . . ." No evidence is offered by plaintiffs to refute this finding by the District Court. Plaintiffs' offering of evidence that the mortgage was executed eight months after the land was conveyed and that the mortgagors

- 5 -

and the number of acres being mortgaged differs in the December 31, 1985 mortgage than at the time the land was conveyed does not establish that the December 31, 1985 mortgage was executed to secure any new indebtedness incurred by defendants. Instead, the evidence supports the court's finding that the mortgage was executed to secure payment for 2.812 acres originally purchased by John Ramage and therefore it was a purchase money mortgage.

Plaintiffs also attempt to argue that in light of the nature of the transactions (construction of the motel), and the mortgages and liens filed, the parties' intent was that this mortgage would not be given the type of priority granted under §71-3-114, MCA. Section 71-3-114, MCA, establishes a priority for purchase money mortgages "over all other liens created against the purchaser . . . ." We fail to see the applicability of §71-3-114, MCA, in this case and plaintiffs' argument that the above transactions, in light of this statute, would indicate the parties' intent.

We affirm the District Court's finding that the mortgage, which is the subject of this action, is a purchase money mortgage. Section 71-1-232, MCA, provides:

> Upon the foreclosure of any mortgage, executed to any vendor of real estate or to his heirs, executors, administrators, or assigns, for the balance of the purchase price of such real property, the mortgagee shall not be entitled to a deficiency judgment on account of such mortgage or note or obligation secured by the same.

Therefore, in light of §71-1-232, MCA, and our holding in this case, we affirm the District Court's decision denying plaintiffs the right to a deficiency judgment.

Affirmed.

_____
Justice

We Concur:

- 6 -

John Conway Harrison,

L. C. Gulbrandson,

_____

John C. Sheehy
                    Justices

- 7 -